DLD-105                                                        NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 21-3321
_____

FERNANDO NUNEZ, JR.,
                                                     Appellant

v.

SGT. MCCOOL
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil Action No. 3:20-cv-00226)
District Judge:  Honorable Lisa P. Lenihan
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
March 17, 2022

Before: KRAUSE, MATEY and PHIPPS, <u>Circuit</u> <u>Judges</u>

(Opinion file: May 3, 2022)
_____

OPINION*
_____

PER CURIAM

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Fernando Nunez, Jr., an inmate proceeding pro se and in forma pauperis, appeals from the District Court's order granting summary judgment to Sergeant McCool. For the reasons that follow, we will summarily affirm.

I.

Nunez is a prisoner in the Pennsylvania Department of Corrections who, in 2020, was transferred from State Correctional Institution – Somerset ("SCI Somerset") to State Correctional Institution – Mahoney ("SCI Mahoney"). As a part of his transfer, Nunez's belongings were packed and inventoried. Nunez alleged that, during the inventory of his belongings, Sergeant McCool, who was a property sergeant at SCI Somerset, learned that he had filed multiple lawsuits against other DOC employees and, in retaliation, damaged his television and invented a fake property weight that required Nunez to pay to ship some of his belongings to SCI Mahoney.

Nunez filed a civil rights complaint alleging a violation of his First Amendment rights. See Compl., District Ct. ECF No. 1-1. McCool removed the action to the United States District Court for the Western District of Pennsylvania and subsequently filed a motion for summary judgment. See District Ct. ECF Nos. 10, 13. The District Court granted summary judgment in McCool's favor, concluding that, while Nunez presented a prima facie case of retaliation related to the shipment of his property, McCool ultimately proved that he would have required Nunez to ship some of his belongings absent his knowledge of the lawsuits. The District Court concluded further that Nunez's bare

2

assertions about damage to his television were insufficient to survive summary judgment. See District Ct. ECF No. 18.

Nunez filed a motion for reconsideration, which was denied. See District Ct. ECF Nos. 20, 21, and 22. He now appeals.

II.

We have jurisdiction pursuant to 28 U.S.C. § 1291. Because Nunez's motion for reconsideration was timely filed,[1] his appeal from the denial of his motion for reconsideration "brings up the underlying judgment for review," so we will review the District Court's summary judgment order as well as its order denying the motion for reconsideration. McAlister v. Sentry Ins. Co., 958 F.2d 550, 553 (3d Cir. 1992). We review the District Court's grant of a motion for summary judgment de novo. Dondero v. Lower Milford Twp., 5 F.4th 355, 358 (3d Cir. 2021). Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). We review the denial of a motion for reconsideration for an abuse of discretion. Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 673 (3d Cir. 1999).

---

[1] While Nunez's motion for reconsideration was not docketed until December 2, 2021—more than 28 days after the November 2, 2021 order granting summary disposition—it appears to have been timely filed pursuant to the prison-mailbox rule, as it was dated November 21, 2021 and postmarked November 24, 2021. See Fed. R. Civ. P. 59(e); Fed. R. App. P. 4(c); Baker v. United States, 670 F.3d 448, 451 (3d Cir. 2012) (presuming that the incarcerated appellant filed his motions on the date that he executed them).

## III.

In order to establish a First Amendment retaliation claim, Nunez must show that "(1) his conduct was constitutionally protected; (2) he suffered an adverse action at the hands of prison officials; and (3) his constitutionally protected conduct was a substantial or motivating factor" in the prison official's conduct. Watson v. Rozum, 834 F.3d 417, 422 (3d Cir. 2016). Because motivation is almost never subject to proof by direct evidence, Nunez may rely on circumstantial evidence to prove a retaliatory motive, and he "can satisfy his burden with evidence of either (1) an unusually suggestive temporal proximity between the protected activity and the allegedly retaliatory action, or (2) a pattern of antagonism coupled with timing that suggests a causal link." Id. If Nunez establishes a prima facie retaliation claim, "prison officials may still prevail if they establish that they would have made the same decision absent the protected conduct for reasons reasonably related to a legitimate penological interest." Id. (quotation marks and citation omitted).

Nunez has likely made a prima facie retaliation claim. First, there is no dispute that Nunez's lawsuits qualify as constitutionally protected conduct. See Anderson v. Davila, 125 F.3d 148, 161 (3d Cir. 1997). Next, the record reflects that, at least partly because of the quantity of legal paperwork he wanted to transfer, Nunez was made to choose between paying for the shipment of some of his belongings or having his excess property destroyed. This could constitute an "adverse action" because an inability to access necessary legal documents could deter a person of reasonable firmness from exercising their right to access

4

the courts. Finally, according to Nunez, McCool commented on the lawsuits immediately before telling him that he could not bring his property—including multiple boxes of legal paperwork related to the lawsuits—on the DOC bus. Thus, there was an unusually suggestive temporal proximity between McCool learning about his constitutionally protected conduct and the allegedly retaliatory action.

However, even if Nunez has established a prima facia retaliation claim, summary judgment was properly granted in McCool's favor. McCool presented evidence of a DOC practice or policy limiting the amount of inmate property that may be loaded onto a DOC bus for the safety of staff tasked with lifting the property and to protect the property from damage.[2] McCool established that he would have made the same decision about the shipment of Nunez's property, regardless of his knowledge of the lawsuits, because that outcome was required by the practice or policy.[3]

As for the damage to his television, we agree with the District Court's conclusion that Nunez's unsupported assertions were insufficient to create a material question of fact. See Jones v. United Parcel Serv., 214 F.3d 402, 407 (3d Cir. 2000) (noting that, "[a]t summary judgment, a plaintiff cannot rely on unsupported allegations, but must go beyond

---

[2] See Decl. of Def., District Ct. ECF No. 12-1; Grievances, District Ct. ECF No. 12-2; DC-ADM 815 Policy, District Ct. ECF No. 12-3, p 13.
[3] Nunez disputes the existence of any weight limit and argues that the District Court impermissibly construed the facts in favor of McCool when ruling on the motion for summary judgment. Nunez provides no support for his assertions, which, without more, are inadequate to create a material question of fact precluding summary judgment. See Quiroga v. Hasbro, Inc., 934 F.2d 497, 500 (3d Cir. 1991).

pleadings and provide some evidence that would show that there exists a genuine issue for trial").[4] We therefore agree with the District Court's decision to grant summary judgment to McCool.

Finally, the District Court did not abuse its discretion in denying reconsideration. "The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence," and a proper motion for reconsideration "must rely on one of three grounds: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error of law or prevent manifest injustice." Lazaridis v. Wehmer, 591 F.3d 666, 669 (3d Cir. 2010). Nunez's motion for reconsideration merely advanced the same arguments that were in his complaint and response to McCool's motion for summary judgment. Because this is not a proper basis for reconsideration, the District Court appropriately denied the motion.

IV.

---

[4] Nunez argues that the District Court failed to consider the statements contained in his declaration that he returned to the property room and found that his television had been removed from its box and had "water visibly seeping out of its backside." Nunez averred that, when he confronted McCool, McCool indicated that he spilled some water on the television when he was recording the identification number, but it still worked. See Decl. of Nunez, District Ct. ECF No. 15-1, p 4. Nunez did not assert that he actually saw McCool spill water on the television or present anything beyond his own suspicions to suggest that the damage was intentionally caused. Even construed in Nunez's favor, the facts contained in his declaration do not establish "adverse action," particularly considering that the DOC ultimately reimbursed Nunez for the cost of the television. See District Ct. ECF Nos. 12-2 and 12-4.

6

Because this appeal does not present a substantial question, we will summarily affirm the District Court's judgment. <u>See</u> 3d Cir. LAR 27.4; I.O.P. 10.6.